## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **GAYLE BACHMAN, ET AL.,** | : | Case No. |
| | : | |
| Plaintiffs, | : | Judge |
| | : | |
| v. | : | |
| | : | |
| **CINCINNATI CHILDREN'S HOSPITAL** | : | **NOTICE OF REMOVAL** |
| **MEDICAL CENTER, ET AL.** | : | |
| | : | |
| Defendants. | | |

_____

Defendant The Christ Hospital ("TCH") hereby removes to this Court the state court action described below.  The removal of this case is consented to by Cincinnati Children's Hospital Medical Center ("CCHMC") (collectively "Defendants").  Removal is warranted under 28 U.S.C. § 1332(d)(11).  In support of removal, Defendants state as follows:

### BACKGROUND

On March 1, 2016, Plaintiffs commenced this group action by filing a Complaint in the Court of Common Pleas of Hamilton County, in the State of Ohio, bearing Case Number A1601237 ("Complaint"). A copy of Plaintiffs' Complaint is attached as **Exhibit A**.  This is a re-filed action that previously only named CCHMC as a defendant and was voluntarily dismissed by Plaintiffs. Each of the Plaintiffs in this action has also brought either an individual or group lawsuit based upon the same conduct as is at issue in the present action relating to surgeries performed by Abubakar Atiq Durrani, M.D. ("Dr. Durrani"). Thirty-five of those prior actions

1

have already been removed to this Court.[1] In an abundance of caution, the present action is likewise being removed on the same bases, as detailed below.

All of the Dr. Durrani cases in Hamilton County have been ordered to be consolidated before and have been or are in the process of being assigned to Hamilton County Common Pleas Judge Robert Ruehlman. On December 7, 2015, in preparation for a December 14, 2015 case management conference regarding all of the Hamilton County cases (including those re-filed after being dismissed in Butler County), Plaintiffs' counsel submitted a "binder" to the court that included, among other things, a number of motions, descriptions of Plaintiffs' positions on various pre-trial issues, and lists of cases currently pending or which were to be filed. Plaintiffs' Binder for December 14, 2015 Case Management Conference ("Binder") is attached as **Exhibit B**. In the binder, some 520 individual Plaintiffs' cases are identified as part of this litigation, including 172 already filed in Hamilton County, 258 that Plaintiffs' counsel planned to dismiss in Butler County and re-file in Hamilton County, and 40 more Butler County cases that were the subject of a pending motion to transfer to Hamilton County as of December 7, 2015.[2] *Id.*, pp. 8, 19-29, 209-23, 226-235.

In the Binder, Plaintiffs unambiguously requested that the court set all of the identified cases for one single, combined trial or, at a minimum, several smaller group trials. *See, e.g.*, Binder, p. 179-80 (listing "[o]ne scheduled trial for all cases [to begin] August 1, 2016" as Plaintiffs' top choice in a list of their "Preferences in Order of Preference for Trial Settings"); *id.*, p. 180 (listing "Group Trials with Many Options" as Plaintiffs' second choice); *id.*, p. 126

---

[1] The case of *Judy Young, et al. v. Abubakar Atiq Durrani, M.D., et al.*, Hamilton County Common Pleas Court Case No. A1406361, has not been removed and is currently pending before the First District Court of Appeals. This removal should not in any way be construed as an attempt to remove that case, despite Judy Young being one of the named Plaintiffs in this group action.

[2] That motion was denied by the Butler County Common Pleas Court and Plaintiffs have moved for reconsideration of that decision.

(stating that "[t]he Court has many options [for setting trial dates, including] [s]chedul[ing] one trial. . . . [or] [s]et[ting] trials by groups . . . ."); *id.*, pp. 153-177 (attaching and citing *Suida v. Howard*, Nos. C-000656, C-000687, 2002 WL 946188 (Ohio Ct. App. May 10, 2002) for the proposition that "group trials [are] allowed]").

Although the court did not grant Plaintiffs' request for a single trial, in its December 15, 2015 order, it scheduled several trials as follows:

> 1) **February 29, 2016**: trial in *Mike & Amber Sand v. Abubakar Atiq Durrani, et al.*, Hamilton County Common Pleas Case No. A 1506694;
>
> 2) **March 14, 2016**: trial in *Steven Andrew Schultz v. Abubakar Atiq Durrani, et al.*, Hamilton County Common Pleas Case No. A 1506861;
>
> 3) **May 2, 2016**: trial in 14 cases involving Cincinnati Children's Hospital Medical Center;
>
> 4) **August 1, 2016**: trial in 24 cases involving "West Chester/UC Health and any hospital named as a Defendant in the C1C2/False Pannus cases;" and
>
> 5) **January 2, 2017**: a "massive group trial" in "all remaining Dr. Durrani cases," which "could take six months to a year" and would presumably include all claims against TCH.

*See* General Order on all Dr. Durrani Hamilton County Cases for Case Management Conference December 14, 2015, Hamilton County Common Pleas Case No. A1506577 ("General Order"), pp. 11-15. A copy of the General Order is attached as **Exhibit C**. While this case was not filed at the time of the General Order, the General Order explicitly states that all remaining Dr. Durrani cases, presumably including this one, will be set for "the massive group trial" on January 2, 2017. *See id.*

By proposing a joint trial of the claims of over 100 plaintiffs, Plaintiffs created a "mass action," as defined in 28 U.S.C. § 1332(d)(11), making this case (and the myriad others covered by the proposal) removable.

3

## THIS CASE IS REMOVABLE AS PART OF A MASS ACTION

This case is removable as part of a mass action, pursuant to the mass action provisions of the diversity jurisdiction statute, 28 U.S.C. § 1332(d)(11). A removable mass action meets the following requirements:

  a.  it involves the monetary relief claims of 100 or more persons that are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, *see id.* § 1332(d)(11)(B)(i);

  b.  the aggregate amount in controversy exceeds $5,000,000 and the claims of the individual plaintiffs exceed $75,000, based on the allegations contained in the plaintiffs' complaint, *see id.* §§ 1332(a), (d)(2), (d)(11)(B)(i); and

  c.  any plaintiff is a citizen of a State different from any defendant, *see id.* § 1332(d)(2)(A).

These requirements are satisfied here, as follows:

**A.    The Plaintiffs' Binder in the Hamilton County Action Proposed a Joint Trial of the Claims of 100 or More Persons**

This case is removable as part of a mass action. In the Binder submitted to the court, Plaintiffs explicitly proposed that all Dr. Durrani cases, including all future Dr. Durrani cases, be tried jointly with hundreds of other cases.  *See* 28 U.S.C. § 1332(d)(11)(B)(i); Binder, pp. 126, 153-177, 179-80. Plaintiffs based their request on a claim that the cases involve common questions of law or fact. *See* 28 U.S.C. § 1332(d)(11)(B)(i); Binder, p. 179-80 (listing factors that all of the cases proposed to be tried jointly "have in common"); *id.*, p. 186 ("The claims against the hospital Defendants are the same in each case. It's silly to try the same fact issue against the hospital to 500 juries."); *id.*, p. 187 (listing factors "common to all cases"). Thus, the first mass action requirement is satisfied.

This mass action element is satisfied even though this case does not itself include the claims of at least 100 plaintiffs.  The Sixth Circuit has not addressed this issue. However, the

Seventh, Eighth, and Ninth Circuits have explicitly approved mass action removal of individual actions where each includes fewer than 100 plaintiffs, but the actions are proposed to be tried jointly and, when combined, involve at least 100 plaintiffs. *See In re Abbott Labs., Inc.*, 698 F.3d 568, 570-71 (7th Cir. 2012) (removal proper in mass action consisting of ten cases with fewer than 100 plaintiffs each, where, combined, the cases involved several hundred plaintiffs); *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1161-62 (8th Cir. 2013) (removal proper in mass action consisting of three suits, each involving fewer than 100 plaintiffs, even though each case involved fewer than 100 plaintiffs); *Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1220 (9th Cir. 2014) (removal proper in mass action consisting of several cases, each of which had fewer than 100 plaintiffs but had "far more than 100 plaintiffs when considered together").

Further, removal of all cases that Plaintiffs proposed to be tried jointly is proper, including both cases that are part of the "massive group trial" set for January 2, 2017 and those that are not. The relevant inquiry is whether Plaintiffs *proposed* a joint trial of the claims of 100 or more plaintiffs, *not* whether the claims of 100 or more plaintiffs are actually adjudicated together in a single trial. As the Seventh Circuit has noted:

> A proposal to hold multiple trials in a single suit (say, 72 plaintiffs at a time, or just one trial with 10 plaintiffs and the use of preclusion to cover everyone else) does not take the suit outside § 1332(d)(11). Recall the language of § 1332(d)(11)(B)(i): any "civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly" is treated as a "class action". . . . *The question is not whether 100 or more plaintiffs answer a roll call in court, but whether the "claims" advanced by 100 or more persons are proposed to be tried jointly.*

*Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) (emphasis added); *see also Atwell*, 740 F.3d at 1163 (approving of *Bullard* and noting that "construing the statute to require a single trial of more than 100 claims would render 28 U.S.C. § 1332(d)(11) 'defunct'"); *In re Abbott*, 698 F.3d at 573 ("[I]t does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed.'" (quoting *Bullard*, 535 F.3d at 762)). Thus, the fact that that the court scheduled two individual trials and

two group trials for fewer than 100 plaintiffs is irrelevant. Plaintiffs' *proposal*, standing alone, satisfies the first requirement of mass action removal as to each and every case it included.

**B.     The Amount in Controversy Is Satisfied**

Both the individual $75,000 and aggregate $5,000,000 amount in controversy requirements for mass action removal are satisfied based on Plaintiffs' allegations. *See* 28 U.S.C. §§ 1332(a), (d)(2), (d)(11)(B)(i).    The face of Plaintiffs' Complaint alleges serious and "catastrophic injuries" and, therefore, the amount in controversy would be deemed to exceed $75,000 for Plaintiff individually. *See* Complaint, pg. 88. Where, as here, plaintiffs allege serious bodily injuries, numerous courts have found that the amount-in-controversy requirement is satisfied.   *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001); *see, e.g.*, *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007); *accord Copley v. Wyeth, Inc.*, No. 09-722, 2009 WL 1089663, at *2 (E.D. Pa. Apr. 22, 2009).   This is especially true, where, as here, there is a demand for punitive damages. *See* Complaint, pg. 88; *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) ("As a general rule, [amount-in-controversy] analysis must also take into account the ability of [plaintiffs] to recover punitive damages, unless it is apparent to a legal certainty that such cannot be recovered."). The aggregate amount in controversy in the Dr. Durrani cases, which embraces the claims of the more than 500 individuals identified in Plaintiffs' binder who proposed to have their claims tried jointly (and whose claims also each allege in excess of $75,000 on the same analysis), exceeds $5,000,000. Accordingly, the amount-in-controversy requirement is satisfied.

**C.     The Diversity Requirement Is Satisfied**

The diversity requirement for mass action removal is also met. *See* 28 U.S.C. § 1332(d)(2)(A), (d)(11)(A).  For removal of a mass action, only "minimal diversity" is required, *i.e.*, at least one plaintiff must be diverse from one defendant.  *See id.*  Here, at least one Defendant, TCH, is a citizen of Ohio for purposes of diversity, and a significant number of Dr. Durrani's patients whom he treated at TCH are residents of other states, such as Kentucky and

Indiana. *See* Sample of Diverse Plaintiffs, attached as **Exhibit D**. Therefore, all the jurisdictional requirements of mass action removal are met.

**ALL REMOVAL PROCEDURES ARE SATISFIED**

On March 1, 2015, Plaintiffs filed their action against CCHMC and TCH. CCHMC was served on March 3, 2016 and TCH was served on March 8, 2016. This removal is timely, since it occurred "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(b)(3).

All Defendants consented to this removal, but regardless, the consent of all Defendants is not required for mass action removal. *See id.* §§ 1332(d)(11), 1453(b).

With respect to mass action jurisdiction, removal is not barred by the Ohio citizenship of any Defendants. *See id.* § 1453(b).

The Complaint is attached as **Exhibit A**. *See id.* § 1446(a). The Court's General Order is attached as **Exhibit C**. *Id.* The remaining process, pleadings, and orders are also attached hereto as **Exhibits E to G.** *Id.*

Written notice of this removal is being provided to all adverse parties and is being filed with the clerk of the Hamilton County Court of Common Pleas. *See id.* § 1446(d).

Defendants hereby reserve their right to amend this notice of removal.

**WHEREFORE**, Defendants respectfully remove this action from the Common Pleas Court of Hamilton County, in the State of Ohio, to this Court.

Respectfully submitted,


/s/ Jenna G. Moran
Jennifer Orr Mitchell (0069594)
Matthew S. Arend ((0079688)
Jenna G. Moran (0092663)
Jessica L. Worth (0090428)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone:  (513) 977-8200
Fax:  (513) 977-8141
Email:  jennifer.mitchell@dinsmore.com
        matthew.arend@dinsmore.com
        jenna.moran@dinsmore.com
        jessica.worth@dinsmore.com
*Counsel for The Christ Hospital*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2016, the foregoing was served by electronic mail on the

following:

Matthew J. Hammer
The Deters Law Firm
5247 Madison Pike
Independence, KY 41051
*Counsel for Plaintiff*

J.David Brittingham, Esq.
Allison G. Knerr, Esq.
Dinsmore & Shohl, LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
*Attorneys for Defendant Cincinnati*
*Children's Hospital Medical Center*


/s/ Jenna G. Moran